Filed 9/19/14  P. v. Walsh CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND JOSEPH WALSH,<br><br>      Defendant and Appellant. | B254032<br><br>(Los Angeles County<br>Super. Ct. No. KA099839) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

        Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

A jury convicted Raymond Walsh of one count of making a criminal threat, with a finding that he personally used a firearm in the commission of the offense, and one count of misdemeanor brandishing a firearm. (Pen. Code, §§ 422, subd. (a); 12022.5, subd. (a); 417, subd. (a)(2).)[1] The trial court sentenced Walsh to an aggregate term of six years in state prison consisting of the high term of three years for the threat conviction, plus the low term of three years for the firearm enhancement. The court imposed a term of six months for the brandishing conviction, and ordered execution of sentenced stayed pursuant to section 654. We affirm.

## FACTS

Examined in light of the usual standard of review on appeal (see, e.g. *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence at trial established the following facts. Walsh lived across the street and one door down from Salvador Ceja (the victim) on East Portner in West Covina. At about 10:00 p.m. one night in October 2012, Ceja and his two children and girlfriend returned home from a vacation in the family's recreational vehicle ("RV"). As Ceja was moving cars out of his driveway and backing the RV into the driveway, Walsh came outside and started yelling at Ceja. Walsh repeatedly yelled statements to the effect that he was "tired of [Ceja's] shit." Also: "Your time is coming, mother fucker. You don't know." Further: "I'm dying, but before I die, I'm going to make sure I take you with me."[2] Walsh said he could "pick [Ceja] off from anywhere," and said, "I'm going to kill you." Walsh's threats scared Ceja, and he telephoned the police. Walsh also called the police.[3] As Ceja waited outside for the police to arrive, he heard a noise that sounded like a shotgun being loaded, and saw Walsh at his house, holding something that looked like the barrel of gun.

---

[1] All further undesignated section references are to the Penal Code.

[2] Walsh testified at trial that he suffered from chronic liver disease.

[3] An audio recording of Walsh's call, accompanied by a transcript, was introduced at trial. The transcript shows Walsh made statements to the police such as "I've had it," and "I'm going to take care of this myself if your guys don't do anything."

West Covina Police Department Corporal Brian Prizzi responded to the scene, and spoke to Walsh outside his home. Walsh appeared angry; he said he had terminal cancer, and that Ceja was always making noise with his truck early in the morning, and waking Walsh. While Officer Prizzi was at the scene, he received an emergency radio call, and left to respond to the new call. When the officer began to leave, Walsh stated, "You'll see this call is more important than the call you're going to."

After responding to the other call, Officer Prizzi returned to the East Portner Street area. Another officer, Chastin Tedesco, also arrived at the scene. Officer Tedesco found a loaded shotgun just inside the front door of Walsh's home, propped against the wall.

In December 2012, the People filed an information charging Walsh with making criminal threats (count 1; § 422, subd. (a)), with an allegation that he had personally used a firearm, to wit, a shotgun, in the commission of the offense (§ 12022.5, subd. (a)), and misdemeanor brandishing a firearm (count 2; § 417, subd. (a)(2)). The charges were tried to a jury in late April into early May 2013. The prosecution's evidence established the facts summarized above. Walsh presented defense evidence that he had merely tried to get Ceja to act considerately, and that it had been Ceja who had been verbally abusive. Walsh also testified concerning his belief that members of Ceja household had killed a cat belonging to Walsh on an earlier occasion. On May 3, 2013, the jury returned its verdicts finding Walsh guilty as noted at the outset of this opinion.

On Walsh's petition, the trial court referred him to the Department of Corrections and Rehabilitation for a 90-day diagnostic study. (§ 1203.03.) In turn, the Department filed a report recommending that Walsh be granted probation. On December 12, 2013, the court listened to the lawyers' arguments on the legal issue of whether the court could grant probation in light of the jury's firearm finding. The court decided that even assuming it had the authority to grant probation, it would not do so. The court then sentenced Walsh as noted above.

Walsh filed a timely appeal.

3

**DISCUSSION**

We appointed counsel to represent Walsh on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We notified Walsh by letter that he could submit any claim, argument or issues that he wished our court to review. Walsh has not filed any claim or argument. We have independently reviewed the record on appeal, and are satisfied that appointed counsel fulfilled his duty, and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

**DISPOSITION**

The judgment is affirmed.


                                                            BIGELOW, P. J.

We concur:


            RUBIN, J.



            FLIER, J.


4